■ In the Matter of MYRNA MILLINGTON, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.— Judgment, Supreme Court, New York County, entered on September 12, 1972, upon a jury verdict after trial, unanimously reversed, on the law, and vacated, and the action remanded for a new trial, without costs and without disbursements. In this personal injuries action, the plaintiff has recovered a substantial sum on a 10 to 2 verdict. The scene of the accident was a subway station, wherein the plaintiff was struck by a train entering the station. The crucial question was how the plaintiff reached the tracks; the plaintiff, a young woman, claimed she tripped over a candy wrapper on the platform, and that the train was traveling at an excessive speed. Defendant claimed that plaintiff attempted to commit suicide. In his requests to charge, the defendant's attorney requested the following: " Mr. Tanzer: I respectfully request Your Honor to charge the members of the jury that with respect to any statement, whether written or oral, which is deemed by them to be a prior inconsistent or contradictory statement, they may not consider the matter contained in that statement as having any independent probative value for the purpose of establishing or disproving matter in issue but they may consider the contents of such statement only for a purpose of effecting [*sic*] the credibility of the witness and of the testimony. The Court: I refuse to so charge." In a close case such as this, the refusal to grant this request was not insubstantial error, particularly when the statements of the witnesses were impugned as recent fabrications. There were only two eyewitnesses to the accident and the critical issue, vis-à-vis the motorman, was whether he had had timely opportunity to observe the plaintiff when she fell or jumped to the tracks. The jury should have been instructed that prior inconsistent statements of the witnesses could have been considered by them, not as substantive testimony or direct proof, but only for the purpose of impeaching the credibility of the witnesses. (*Matter of Roge* v. *Valentine*, 280 N. Y. 268; *McQuage* v. *City of New York*, 285 App. Div. 249.) Otherwise, a jury of laymen might assume that the contradictory statements of the witnesses, which had been permitted in evidence, might be accepted as evidence in chief on the few critical issues, on which this case turned. Accordingly, a new trial is required; and in view of this, we do not reach the other claimed errors. Concur — McGivern, P. J., Markewich, Lane and Moore, JJ.